# Commonwealth v. Butler Township

*Edward A. Hosey,* Assistant Attorney General; *Robert W. Cumliffe,* Assistant Attorney General; *John R. Rezzolla,* Chief Counsel, for Commonwealth.

*Brydon, Stephanian, O'Brien & Cook,* for defendant.

*Lee C. McCandless,* for additional defendant.

KREIDER, P. J., March 31, 1969.—Plaintiff, Commonwealth of Pennsylvania, Department of Highways, brought suit in Dauphin County against defendant, Butler Township, to recover $11,029 representing defendant's agreed share of the cost of relocating its sanitary sewer lines situated in Butler County, Pa.

Thereafter defendant joined the Butler Area Sewer Authority as an additional defendant, the latter having previously purchased the entire sewer system owned by the defendant and the City of Butler. Defendant Township averred in its complaint against the additional defendant that the sewer authority had agreed to assume the township's obligation to pay to

the Commonwealth Department of Highways 50 percent of the cost of relocating the said sewer lines.

We have before us various preliminary objections filed by the additional defendant sewer authority to the defendant's complaint against it. One of these avers that suit may not be brought against the additional defendant in Dauphin County. Defendant Township apparently assumes that because plaintiff Commonwealth brought the original action in Dauphin County, defendant may also have its claim against the additional defendant litigated in Dauphin County, after having obtained deputized service in Butler County.

It is conceded that the Commonwealth had a right to bring its suit in Dauphin County by virtue of the Act of April 7, 1870, P. L. 57, sec. 1, as amended, 17 PS §255, and Pennsylvania Rule of Civil Procedure 2103 (a) which provides:

"An action by the Commonwealth may be brought in Dauphin County or any other county permitted by a rule of the Supreme Court".

However, the generous privilege accorded the Commonwealth by the said statute and rule does not apply to an ordinary litigant such as defendant Butler Township, which clearly could not have instituted an action initially against the additional defendant in Dauphin County because these parties are situated in Butler County and defendant's alleged cause of action arose there.

Defendant, however, relies on Rule 2254 of the Pennsylvania Rules of Civil Procedure:

"(a) A defendant or additional defendant shall have the same right of service as though he were a plaintiff".

The pivotal question to be decided is not whether defendant had the right of deputized service on the additional defendant but whether defendant township

had the right to bring its suit against the additional defendant in Dauphin County. We think this question must be answered in the negative.

In 4A Anderson Pa. Civ. Prac. §2254.8 entitled Commonwealth as plaintiff, it is stated, p. 114:

"*An exception* exists to the principle that the defendant is entitled to make service outside the county if this privilege were available to the plaintiff. If the Commonwealth of Pennsylvania is the plaintiff, it may bring suit in Dauphin County against the defendant and avail itself of the same extra-county and extra-state service as though it were a plaintiff who had brought the action in the cause of action county. This, however, *does not give the ordinary defendant the right of extra-county* and extra-state *service* which the Commonwealth had. The right of the latter is based upon a special privilege given the Commonwealth in its sovereign character and a private litigant is not entitled to receive any advantage from the existence of such a privilege".[1]

In 3 Goodrich-Amram, §2254 (a)-1 it is stated, p. 71:

". . . If the plaintiff has not brought the action in the county in which the cause of action arose, the defendant is not entitled to such service because he would not be entitled to obtain such service had he, as a plaintiff, brought the action in the county in which it was brought".

At page 73, the reason for the above stated conclusion is given as follows:

"In the case of *an ordinary individual defendant,* it is to be noted that the plaintiff thus has the power to bar the defendant from obtaining service outside the county by bringing his action against the defendant in a county other than that in which the cause of action

---

[1] Emphasis throughout ours unless otherwise noted.

arose. It may be argued that this is unfair to the defendant for his right to extra-county service is thus made to depend upon the fortuitous factor that the plaintiff has brought his action in the county where the cause of action arose. On the other hand, it had been deemed unfair to the additional defendant to permit him to be brought into any county in the state. The view has been adopted that he should only be required to answer the defendant in the courts of the county where the cause of action arose. Accordingly, the defendant cannot serve the additional defendant outside the county when the cause of action did not arise in the county in which the action was brought".

While defendant township is not an "individual" defendant, there are no facts averred in this case which would entitle it to bring suit in Dauphin County when its cause of action arose elsewhere.

### ORDER

And now, March 31, 1969, the preliminary objection of the additional defendant, Butler Area Sewer Authority, to the suit brought against it in Dauphin County is sustained and the complaint of the defendant Butler Township against the additional defendant is dismissed.